UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

LPP Mortgage Ltd. f/k/a/ Loan Participant Partners, Ltd., as Assignee of the Small Business Administration,

Plaintiff,

vs. ORDER

KRAD, Inc.; Patricia A. Norman and David L. Norman; TCF National Bank, Minneapolis, Minnesota,

Defendants. Civ. No. 01-2014 (RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 5th day of May, 2003.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the consent of the parties, as authorized by Title 28 U.S.C. §636(c), upon the Motion of the Defendants to Amend their Answer to Include a Counterclaim. A Hearing on the Motion was conducted on April 9, 2003, at which time, the Defendants KRAD, Inc. ("KRAD"), Patricia A. Norman, and David L. Norman, appeared by Kevin T. Duffy, Esq., and the Plaintiff LPP Mortgage Limited ("LPP") appeared by Karl L. Cambronne, Esq. No appearance was made by, or on behalf of, the Defendant TCF National Bank. For reasons which follow, we deny the Defendants' Motion to Amend.

FILED MAY 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural History

This action arises out of a disaster relief loan, which was made by the United States Small Business Association ("SBA") to the Defendants. The SBA approved a direct loan of $446,400 to the Defendants but, after having disbursed $250,000 of that loan, the SBA determined that the Defendants had failed to disclose certain financial liabilities on their loan application, and ceased further disbursements. The loan went into default, and the SBA sold the loan to LPP, who subsequently foreclosed on the loan.

The Defendants initially filed a third-party Complaint against the SBA, alleging that misrepresentations by the SBA had caused them to suffer undisclosed damages, and later amended that Complaint to allege a breach of contract by the SBA. The SBA moved for dismissal, or alternatively, for Summary Judgment, claiming as grounds for the dismissal, that the Defendants failed to assert a viable third party-claim, under Rule 14, Federal Rules of Civil Procedure. By Order dated February 20, 2003, we granted the SBA's Motion to Dismiss.

The Defendants now seek to add a counterclaim against the Plaintiff. In support of their Motion, the Defendants represent that they were under the mistaken impression that they could not pursue a Counterclaim against the Plaintiff, and that it was not until having conducted the research associated with opposing the

SBA's Motions, that they discovered that such a cause of action might exist. Despite acknowledging that the deadline, that was imposed by our Pretrial Order for the bringing of Motions to amend the pleadings has long ago passed, the Defendants urge us to exercise our discretion under Rule 15(a), Federal Rules of Civil Procedure, to permit their tardy amendment, because "justice so requires."

The Defendants argue that their delay in bringing the Motion is due, in part, to the time which passed during the pendency of the SBA's Motions, as they are asserting that it would have made little sense to seek to add a Counterclaim during that period because, had they done so and then been successful in opposing the SBA's Motion, then they would have had duplicate claims against the Plaintiff, and the SBA. In addition, the Defendants fear that they might not have been able to bring their claim in a separate action, as they believe that it could be characterized as a "compulsory" Counterclaim. Lastly, the Defendants maintain that it would subject little prejudice on the Plaintiff, and would only minimally delay the timely disposition of this action, if the amendment were allowed.

For its part, the Plaintiff objects to the Motion, and argues that, since the deadline for Motions to Amend the pleadings has long passed, the Defendants must meet the more exacting "good

cause" standard that is imposed by Rule 16, Federal Rules of Civil Procedure, and that the Defendants cannot meet that burden. The Plaintiff contends that the Defendants have long been aware -- even before our Order dismissing the SBA from this action -- that they might assert that claim, but unjustifiably failed to bring a timely, or a more reasonably timed Motion to Amend. The Plaintiff also disputes the Defendants' assertion that the late amendment would cause it no prejudice, and represents that, if the amendment were allowed, additional discovery would have to be conducted which would, in turn, delay the final disposition of the action. Finally, the Plaintiff argues that the Motion should be denied as futile, because the Counterclaim fails to state a viable claim.

## III. Discussion

A. Standard of Review. In their Motion, the Defendants have argued that the Court should exercise its discretion, under Rule 15(a), Federal Rules of Civil Procedure, which provides, where pertinent, as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires.

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

> In the absence of any apparent or declared reasons -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

However, the Plaintiff is correct that where, as here, the deadline for the amendment of pleadings has expired, the propriety of the Motion for leave to amend "is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). As we have reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district court judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes --1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mentioning therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party.

Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).[1]

The Eighth Circuit has reiterated that Rule 16(b) provides the appropriate standard as to Motions to Amend that arise after the deadline for such motions has expired, by stating as follows:

> It is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation. See, e.g., Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir. 1999), cert. denied, 531 U.S. 837 (2000); Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir. 1996). As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rules of Civil Procedure 16(b) specified that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them. In re Milk Prods. Antitrust Litigation., 195 F.3d 430, 437 (8th Cir. 1999), cert denied sub nom.

[1]Local Rule 16.3 serves to reinforce the need for a party to show good cause, when seeking to extend the deadline for amending the pleadings. The Advisory Committee Notes to Local Rule 16.3 explain that the Rule is "* * * intended to discourage modifying pretrial schedules unless good cause has been shown." Local Rule 16.3, Advisory Committee Notes.

> Rainy Lake One Stop, Inc. v. Marigold Foods, Inc., 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000).

Bradford v. DANA Corp., 249 F.3d 807 (8th Cir. 2001).

As was expressed, in Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994):

> A scheduling order is an important tool in controlling litigation. Jochims v. Isuzu Motors, Ltd., 145 F.R.D. 507, 510 (S.D.Iowa 1992). A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me. 1985).

Scheduling Orders have become increasingly critical to the Court's case management responsibilities, because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars." Id. The Court in Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990), also observed that the flouting of discovery deadlines causes substantial harm to the judicial system. Accordingly, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American Steamship Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, supra at 1199.

B. Legal Analysis. Having considered the Defendants' Motion under the more exacting standard of Rule 16(b), we conclude that

the Motion to Dismiss must be denied. Initially, we cannot agree with the Defendants' assertion that their tardy amendment would not prejudice the Plaintiff. As we have previously noted, "the perception of prejudice, like beauty, is largely in the eyes of the beholder," Luigino's Inc. v. Pezrow Cos. Inc., supra at 525, and the Plaintiff can legitimately complain about the delay in the resolution of this case, and the need to re-open discovery, that would be caused by allowing the belated amendment. "We need not, however, exhaustively examine the issue of prejudice for, as we have already related, Rule 16(b) is driven by 'good cause' on the part of the proponent of a newly formulated claim, and not by a showing of prejudice on the part of the nonmoving party." Luigino's Inc. v. Pezrow Cos. Inc., supra at 525.

We are unable to find that the Defendants have made the required showing of diligence for the leave now requested. Their Motion comes nearly eleven months after the deadline for amending pleadings as contained in our Pretrial Order, eight months after the close of discovery, and even after this case became "Ready for Trial," which occurred on February 20, 2003, when we issued our Order on the SBA's Motion to Dismiss. Given this considerable delay, without adequate justification, we find no responsible basis upon which to grant the leave requested. While the Defendants urge that it was not until they conducted research with respect to the

SBA's Motion to Dismiss that they "realized" that they could assert a Counterclaim against LPP, we note that, during the Hearing on that Motion on July 10, 2002, we raised the issue concerning the assignment of the SBA's note and mortgage, and provided the parties with an opportunity to brief the assignment issue. In their Memorandum on that issue, which was filed on July 26, 2002, the Defendants asserted that it was clear that they had the right to sue the Plaintiff in a Counterclaim because, in assuming liability for the loan, the Plaintiff had also agreed to hold the SBA harmless. Despite having made that admission in July of 2002, the Defendants did not file this Motion until April 4, 2003, nearly nine months later.

During the Hearing on their current Motion, the Defendants attempted to excuse that delay, by arguing that it would have been impractical to file a Motion to Amend during the pendency of the SBA's Motion to Dismiss because, had they been successful in opposing that Motion, they would have had duplicate claims against the Plaintiff, and the SBA. We cannot agree. The pendency of a Motion, even a dispositive Motion, provides no cause for a party to defer a meritorious Motion to the Court -- particularly in a circumstance such as that presented here, where the party fears a danger that a denial of a subsequent Motion to Amend might preclude the assertion of a meritorious claim in separate litigation.

Simply put, we do not find the pendency of another Motion to provide good cause for the Defendants delay in filing their Motion to Amend their Answer.

Although we might have some concern if the Defendants had not asserted defenses to the Plaintiff's claim, and was attempting to add such defenses, that is not the case. Further, there remains a possibility that the Defendants might bring their claim in separate litigation, either against the Plaintiff -- since we render no decision, here, as to whether the proposed new claim is, as the Defendants characterize it, a compulsory Counterclaim -- or against the SBA. In our Order dismissing the SBA from this action, we explicitly held that we did not reach the merits of the Defendants' claim against the SBA, but instead, we dismissed the SBA only on procedural grounds -- namely that they could not be properly joined as a Third-Party Defendant under the Federal Rules of Civil Procedure. Accordingly, if the Defendants have a viable claim for a breach of contract against either LPP or SBA, they might have other venues in which to litigate those claims.

Lastly, we agree with the Plaintiff that, at this late date, to return this case, which is now "Ready for Trial," to its infancy, so as to address newly pled claims, and defenses, would be entirely inconsistent with the dictates of Rule 1, Federal Rules of Civil Procedure, and would cause substantial prejudice to the

Plaintiff. Accordingly, we deny the Defendants' Motion for leave to Amend their Answer.

NOW, THEREFORE, It is --

ORDERED:

That the Defendants' Motion to Amend the Complaint to add a Counterclaim [Docket No. 44] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE