UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

LPP Mortgage Ltd. f/k/a/ Loan Participant Partners, Ltd., as Assignee of the Small Business Administration,

Plaintiff,

vs.

KRAD, Inc.; Patricia A. Norman and David L. Norman; TCF National Bank, Minneapolis, Minnesota; Bremer Bank, N.A., f/k/a First National Bank, N.A.,

Defendants,

and

KRAD, Inc.; Patricia A. Norman and David L. Norman,

Third-Party Plaintiffs,

vs.

United States Small Business Administration,

Third-Party Defendant.

Civ. No. 01-2014 (RLE)

* * * * * * * * * * * * * * * * * * *

(57)

At Duluth, in the District of Minnesota, this 31st day of December, 2003.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the consent of the parties, as authorized by Title 28 U.S.C. §636(c), upon the Plaintiff's Motion for Summary Judgment. At the time of the Hearing, the Plaintiff LPP Mortgage Ltd. ("LPP") appeared by Richard P. Olson, Esq., and the Defendants, KRAD, Inc. ("KRAD"), and its owners, Patricia A. Norman ("Patricia") and David L. Norman ("David"), appeared by Kevin T. Duffy, Esq. For reasons which follow, we deny the Plaintiff's Motion for Summary Judgment.

## II. Factual and Procedural History

This action arises out of a disaster relief loan, which was made by the United States Small Business Administration ("SBA") to the Defendants. The SBA is authorized to make direct loans to victims of declared natural disasters, in order to compensate those victims for uninsured losses to homes, and businesses. In making such loans, an applicant's credit history is highly material. On May 5, 1997, Patricia submitted an application for an SBA disaster relief loan on behalf of KRAD. At all times relevant to this action, Patricia was the President of KRAD, and owned 99.2 percent of the company's stock, while her husband, David, served as the

company's secretary. David owned the remaining 0.8 percent of KRAD's stock. The SBA application required a disclosure of all outstanding Judgments, tax liens, or pending lawsuits against KRAD, and its owners. On the application, Patricia disclosed only the existence of a tax lien which was held by the North Dakota Tax Commission.

Due to the nature of the SBA disaster loan program, the SBA is required to "consider many loan applications submitted by many disaster victims in a short period of time," such that it "cannot always fully investigate the credit history of every disaster loan applicant and the title history of every piece of collateral proposed to support a disaster loan before approving or disbursing each loan." Exhibit A to Memorandum of Law in Support of Third-Party Defendant Small Business Administration's Motion to Dismiss or, in the Alternative, for Summary Judgment ("SBA Memorandum"), at p. 2. Accordingly, the SBA's standard disaster loan note, and the note executed by Patricia, David, and KRAD, contains the following clause:

> Holder is authorized to declare all or any part of indebtedness immediately due and payable upon the happening of any of the following events * * * (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or the making therein or in any of said agreements, or in any affidavit or other documents

> submitted in connection with said application or the indebtedness, or any misrepresentation by, on behalf of, or for the benefit of the undersigned; * * *.

Id.

On July 7, 1997, the Loan Authorization and Agreement was executed, in which the Defendants pledged, as collateral for the loan, two pieces of property -- one in East Grand Forks, Minnesota, and one in Grand Forks, North Dakota. Patricia and David also signed Affidavits of Real Property, in which they averred that those two pieces of property were subject only to first mortgages. The SBA approved a direct loan in the amount of $446,400.00, with calculated monthly payments at a rate of four percent, such that $2,174.00, was owed on a monthly basis.

By October 16, 1997, after disbursing $250,000.00 of the loan, the SBA received the results of a title search on the property that had been pledged as collateral for the loan. The title search revealed several "undisclosed clouds" on the North Dakota property.[1]

---

[1]These "clouds" included the following:

> 7. Real estate taxes for calendar years 1993, 1994, 1995, 1996, which [we]re due and payable, and any installments of special assessments payable with those taxes. Taxes for 1993, 1994, 1995 and for the first half of 1996 and all installments of special assessment [were] delinquent.
>
> * * *

(continued...)

Consequently, on November 17, 1997, the SBA advised the Defendants that the "[t]itle search of the collateral real estate reveal[ed] outstanding liens/judgments that have not been satisfied and could adversely affect [their] repayment ability" and, therefore, the undisbursed portion of the loan would be cancelled, thereby reducing the total amount of the loan to the money already disbursed -- $250,000.00. See, Exhibit G attached to SBA Memorandum. Upon cancelling the remainder of the loan, however, the SBA did not reduce

---

[1](...continued)

> 17. A Judgment against David L. Norman in favor of Federal Deposit Insurance Corporation, dated 2/20/92 and docketed 4/16/92 in the amount of $157,007.18.
>
> 18. A Judgment against David L. Norman in favor of Federal Deposit Insurance Corporation, dated 2/20/92 and docketed 4/16/92 in the amount of $316,244.13.
>
> * * *
>
> 20. A Judgment against David Norman in favor of CSC Credit Services, Inc. dated and docketed 3/1/94 in the amount of $1,009.89.
>
> 21. A Judgment against K[RAD] Inc. and David L. Norman in favor of the State of North Dakota, dated and docketed 9/19/96 in the amount of $28,595.19 - #94-C-00191.
>
> 22. A Judgment against David L. Norman dba K[RAD], Inc. in favor of the State of North Dakota by Worker's Compensation Bureau, dated and docketed 10/1/90 in the amount of $1,324.92 - Haas - County Court.

Exhibit F attached to SBA Memorandum.

the amount of the monthly payments from the amount that had been calculated on the basis of the full, previously approved loan amount. Some time thereafter, the loan went into default and, on August 31, 2002, the SBA sold the loan to LPP who, as assignee of the SBA, subsequently brought this action to collect on the loan.[2]

In their Answer, the Defendants joined the SBA as a Third-Party Defendant, and alleged that misrepresentations, by the SBA, caused them to suffer damages. Additionally, they later amended their Complaint, which alleged that the SBA breached the note, and mortgage, when it ceased disbursement of the loan, and when it did not, thereafter, adjust the monthly payment amount. In pertinent part, the Amended Third-Party Complaint reads as follows:

> XI.
>
> The SBA, under the authority granted to it in the note attached hereto as exhibit "A", unilaterally decided not to disburse the balance of the $446,400 disaster loan to KRAD, Inc. beyond the initial $250,000 issued previously.
>
> XII.
>
> Even though to [sic] SBA only disbursed the $250,095 of the original disaster loan to KRAD, Inc. it failed to adjust the monthly repayment from $2174. $2,174 was the monthly payment based upon a 4% loan with a principle

[2]For provisions of the Loan Sale Agreement, which illustrate LPP's rights and obligations under the loan, see Exhibit A to Memorandum of Law in Opposition to Plaintiff, LPP Mortgage, Ltd. Motion for Summary Judgment.

[sic] of $446,400. Upon information and belief, KRAD, Inc. was charged interest by SBA based upon a $446,400 disbursment [sic].

XIII.

That the actions of the SBA relating to the note, mortgage and security documents attached hereto constitute a breach of the note and mortgage.

XIV.

That KRAD, Inc. attempted to reinstate the balance of the SBA disaster loan in 1998 after providing proof that the non-disclosed taxes, liens and/or judgments no longer created a repayment problem. The SBA unreasonable [sic] and unfairly demanded that KRAD, Inc. brings [sic] its disaster loan payments current based upon the monthly payment of $2,174.

XV.

That the actions of the SBA caused KRAD, Inc. to default on the terms of the note and mortgage now held by the Plaintiff in the underlying lawsuit herein.

XVI.

That KRAD, Inc., Patricia A. Norman and David L. Norman, have been damaged financially by the actions of the SBA relating to the handling of the KRAD, Inc. disaster loan of 1997.

XVII.

Because of the actions of the SBA in handling the KRAD, Inc. disaster loan of 1997, KRAD, Inc., Patricia A. Norman and David L. Norman are each entitled to contribution up to

> $10,000[3] by the SBA for any attorneys fees, interest and/or general damages awarded to the Plaintiff in the main lawsuit herein.

Amended Third-Party Complaint, at ¶¶XI through XVII.

The SBA moved for dismissal, or alternatively, for Summary Judgment, claiming that the Defendants had failed to assert a viable third-party claim, under Rule 14, Federal Rules of Civil Procedure. By Order dated February 20, 2003, we granted the SBA's Motion to Dismiss. The Defendants then sought to add a counterclaim against the Plaintiff. By Order dated May 5, 2003, we denied the Defendants' Motion to Amend Their Answer to Include a Counterclaim, as untimely. The Plaintiff, construing those Orders as definitively deciding LPP's liability, as assignee to the SBA, brought this Motion for Summary Judgment.

## III. Discussion

As an initial matter, we note that the Motion is being brought more than ten months after the deadline for dispositive Motions. Our Pretrial Schedule states that "all dispositive Motions shall be briefed, submitted and argued on or before **November 1, 2002**, and

---

[3]The limitation of damages to $10,000 per Third-Party Plaintiff appears to be a recognition of the jurisdictional limit prescribed by Title 28 U.S.C. §1346(a)(2)("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims of: * * * (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States * * *.").

"[c]ounsel are also forewarned that the dispositive Motion deadline date and the Trial date **will not** be changed." Pretrial Schedule, at 4-5. Under Rule 16, Federal Rules of Civil Procedure, this schedule cannot be modified except by a showing of good cause. However, neither of the parties addressed the timeliness issue, or the good cause showing required by Rule 16. Since we conclude that the Plaintiff's Motion for Summary Judgment should be denied on its merits, and not simply on its untimeliness, we turn our attention to the issues raised in that Motion.

A. Standard of Review. Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations. See, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Duffy v. Wolle, 123 F.3d 1026, 1040 (8th Cir. 1997), cert. denied, 523 U.S. 1137 (1998). Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we find no triable issue. See, Eide v. Grey Fox Technical Servs. Corp., 329 F.3d 600, 604 (8th Cir. 2003); Philip v. Ford Motor Co., 328 F.3d 1020, 1023 (8th Cir. 2003); United Fire & Casualty Ins. Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003). For these purposes, a disputed fact is "material" if it must inevitably

be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a rea-sonable Jury could return a Verdict for the nonmoving party. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fenney v. Dakota, Minnesota & Eastern R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003); Jenkins v. Southern Farm Bureau Casualty, 307 F.3d 741, 744 (8th Cir. 2002); Herring v. Canada Life Assurance Co., 207 F.3d 1026 (8th Cir. 2000).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an adverse party may not rest upon the mere alle-gations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Eddings v. City of Hot Springs, Ark., 323 F.3d 596, 602 (8th Cir. 2003). More-over, the movant is entitled to Summary Judgment where the non-moving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra at 322; see also, Mercer v. City of Cedar Rapids, 308 F.3d 840, 843

(8th Cir. 2002); Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir. 2000). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra at 323; see also, Bell Lumber and Pole Co. v. United States Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995); McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 510 (8th Cir. 1995); Settle v. Ross, 992 F.2d 162, 163 (8th Cir. 1993).

B. Legal Analysis. The pertinent issue here is whether the Defendants' assertions of misrepresentations and abuse of discretion, on the part of SBA, constitute a potentially valid defense against foreclosure by the Plaintiff. In their Memorandum of Law in Opposition to Motion for Summary Judgment, the Defendants note that they had previously raised the defense that the SBA's misrepresentations caused them to suffer damages, and have requested that we declare the mortgage, security agreements, and financing statements, as null and void. See, Memorandum of Law in Opposition to Plaintiff, LPP Mortgage, Ltd. Motion for Summary Judgment, at 2. This defense has been the subject of the Defendants' attempts to add a third party claim against SBA, and a Counterclaim against the Plaintiff. We denied both of those Motions, based upon procedural

grounds -- Rules 14 and 16, Federal Rules of Civil Procedure, respectively.

The Plaintiff argues that our prior Orders on those Motions demonstrate the invalidity of the Defendants' assertions, and that they are merely trying to "bring in through the back door what the Order of May 5 denied entrance by the front door." Reply Memorandum to Defendants' Objection to Plaintiff LPP Mortgage Ltd.'s Motion for Summary Judgment, at 4. The Plaintiff also asserts that it is immune from the Defendants' claims based on our Order of May 5, 2003.

We have made several statements in our Orders dated February 20, 2003, and May 5, 2003, which have bearing on the issue presented here. In our Order of February 20, 2003, which dismissed the Third Party Complaint, we stated: "Nor is this a circumstance where the absence of the SBA would deprive the [Defendants] of a defense they would otherwise have to the collectability of their debt to LPP." See, Order issued on February 20, 2003, at 19. In our Order of May 5, 2003, we stated explicitly that, "[a]lthough we might have some concern if the Defendants had not asserted defenses to the Plaintiff's claim, and was attempting to add such defenses, that is not the case." See, Order issued on May 5, 2003, at 10. We also stated that "we did not reach the merits of the Defendants' claim against the SBA." Id. Therefore, in granting SBA's Motion

to Dismiss, and in denying the Defendants' Motion to Amend their Answer to Include a Counterclaim, we have placed particular emphasis on the fact that the Defendants were not being deprived of the ability to assert a defense, which is what they are trying to preserve here, in their Opposition to the Motion for Summary Judgment.

Exhibit B, which is attached to the Defendant's Memorandum, is David's Affidavit, and accompanying attachments, which explain how the SBA handled the Defendants' loan. See, Exhibit B to Memorandum of Law in Opposition to Plaintiff, LPP Mortgage, Ltd. Motion for Summary Judgment. David asserts that the provision in the SBA loan note, which allows the SBA to declare all or any part of the loan note due because of the Defendants' failure to disclose material facts, is permissive rather than mandatory. Id. He also details his communications with the SBA, which he asserts illustrate the abuse of discretion on SBA's part in refusing to distribute the remainder of the loan, and in refusing to reduce the amount of the monthly payments due, to account for the reduced loan distribution. Id.

These assertions raise material questions of fact as to whether the SBA made misrepresentations to the Defendants, or abused its discretion in foreclosing the mortgage. Although LPP was not involved in those decisions, as the assignee of the loan, it assumed all rights and obligations regarding those loans, and it

is now required to defend any such misrepresentations made by the SBA, and to show the validity of the foreclosure proceedings. Therefore, since genuine issues of material fact remain in this case, we deny the Plaintiff's Motion for Summary Judgment.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion for Summary Judgment [Docket No. 49] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE